IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| GLOBAL STATE INVESTMENT USA, INC.; PINNACLE RIDGE CAPITAL LP; PR GP SPE, LLC; *and* GS/PR GP, LLC,   Plaintiffs,   vs.   LAS PROPERTIES, LLC; *individually and on behalf of Pinnacle Ridge, Ltd.*,   Defendant. | No. 2:14-cv-4494-DCN   **ORDER** |

      This matter is before the court on plaintiffs Global State Investments USA, Inc.; Pinnacle Ridge Capital, LP; PR GP SPE, LLC; and GS/PR GP, LLC's, collectively "plaintiffs," motion for a temporary restraining order (TRO) and a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. On November 21, 2014, Plaintiffs filed an action for injunctive and declaratory relief seeking to enjoin defendant LAS Properties, LLC from pursuing an arbitration defendant filed against plaintiffs before the American Arbitration Association in Houston, Texas. Plaintiffs ask the court to enjoin the arbitration proceeding until the court resolves the question of arbitrability and rules on the claims for relief set forth in their complaint. For the reasons set forth below, the court denies plaintiffs' motion.

      The court evaluates a request for a TRO under the same rubric as a request for a preliminary injunction. See Virginia v. Kelly, 29 F.3d 145, 147 (4th Cir. 1994) (applying preliminary injunction standard to a request for a TRO). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is

1

entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008); see also Munaf v. Geren, 553 U.S. 674, 689–90 (2008) (internal citation and quotation marks omitted). A party seeking a preliminary injunction must demonstrate that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in absence of the injunction, (3) the balance of hardships tips in its favor, and (4) the injunction is in the public interest. Metro. Reg'l Info. Sys. v. Am. Home Realty Network, Inc., 722 F.3d 591, 595 (4th Cir. 2013) (citing Winter, 555 U.S. at 20). "To obtain a preliminary injunction under the Winter test, a movant must make a 'clear showing' of [the] four requirements." Alkebulanyahh v. Nettles, No. 10-2976, 2011 WL 2728453, at *3 (D.S.C. July 13, 2011).

After considering the Winter test, it is clear to this court that the factors weigh against issuing a preliminary injunction. See Winter, 555 U.S. at 20. First, plaintiffs cannot show a likelihood of success on the merits because there are significant factual disputes as to whether plaintiffs are required to participate in the arbitration proceeding. See e.g., Chattery Int'l, Inc. v. JoLida, Inc., 2011 WL 1230822, at *9 (D. Md. Mar. 28, 2011); Allegra Network LLC v. Reeder, 2009 WL 3734288, at *3 (E.D. Va. Nov. 4, 2009). Second, plaintiffs would not suffer irreparable injury if required to participate in the arbitration proceeding. There are various forms of post-arbitration relief available to plaintiffs under the Federal Arbitration Act. See 9 U.S.C. §§ 9-12 (expressly providing various forms of post-award relief). Third, the balance of equities tips in favor of the defendant. Finally, because it is likely that plaintiffs are subject to the arbitration proceeding, the public interest would not be served by issuing an injunction.

Because plaintiffs cannot make a "clear showing" of the <u>Winter</u> factors,[1] the court **DENIES** plaintiffs' motion.

**AND IT IS SO ORDERED**.

                                              **DAVID C. NORTON**
                                              **UNITED STATES DISTRICT JUDGE**

**January 9, 2015**
**Charleston, South Carolina**

---

[1] In that plaintiffs requested a timely decision from the court, the court reserves the right to supplement this order with further legal and factual analysis, if necessary.

3